SUSAN E. PLACIDE

VS.

EDWIN M. WILMER, ET AL.

*Charles F. Stein* and *John L. Sanford* for complainant.

*David Ash* for respondent.

BOND, J.—

A court could not, I think, hesitate to grant the relief prayed here, upon the evidence presented.

On October 27, 1911, a decree of the Circuit Court required the defendant, Edwin M. Wilmer, to account for certain moneys due to the plaintiff, Miss Placide; and the auditor's account, filed on December 27, 1911, showed the net amount due to be $2,909.45. On November 25, 1911, Wilmer conveyed to his sister, the co-defendant here, substantially all his property which could not be reached by execution. Most of the other property or assets of which he claims ownership is of a highly speculative character. The conveyance was made under a sweeping description, without any agreement on the details of the separate portions, without any steps to clear it of existing liens, without, indeed, any considerable knowledge on the part of the grantee of the nature and effect of what was being done. No money passed. The consideration is said to have been, for one part, the cancellation of a debt of $438 due from the grantor to the grantee for work done by her in his house, where he had given her a home, up to seven years prior to this deed. The remainder of the consideration is said to have been the sister's promise to maintain a home for her brother for his life with the income of $900 to be received from the property. The debt of $438 is of a nature that the courts always hesitate to give credit to. It seems highly improbable that under the circumstances testified to, the sister would, in addition to enjoying the home given her, accumulate a debt against her brother. And, according to her testimony, the debt was seven years old, if it existed at all. In any event it was smaller than the income for six months from the property conveyed.

The remaining portion of the consideration is even more doubtful. No change in the enjoyment of the property or its income would be involved in that arrangement. It would to the extent of this consideration amount to a gratuitous shifting of ownership.

I think there is much force in the argument that the conclusion is aided by the defendant's course in this litigation, which discloses a most determined effort to escape satisfying the adjudicated indebtedness to the plaintiff. It would not be easy to suggest a dilatory step which he has not taken to obstruct progress of the litigation.

But at the same this disclosure of his attitude is not necessary to the court's conclusion.

A decree will be signed accordingly.